UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGO GUZMAN,

           Petitioner,

    v.

CHAD F. WOLF, et al.,

           Respondents.

No. 1:20-cv-00594-DAD-EPG (HC)

ORDER DISMISSING HABEAS PETITION

(Doc. No. 1)

    Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on behalf of petitioner Hugo Guzman. (Doc. No. 1) The petition is based upon the alleged risks to petitioner posed by the ongoing coronavirus ("COVID-19") outbreak. For the reasons set forth below, the petition will be dismissed.

**BACKGROUND**

    On July 19, 2018, petitioner was sentenced to twenty-four months and one day of imprisonment after he pled guilty in the U.S. District Court for the Central District of California to conspiracy to commit conversion of government property in violation of 18 U.S.C. § 371 and conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956. *United States v. Guzman*, No. 2:17-cr-00327-R-1, (Doc. No. 59) (C.D. Cal. July 19, 2018). Petitioner is currently in the custody of the U.S. Bureau of Prisons ("BOP"), serving his sentence at Federal Correctional Institution, Mendota ("FCI Mendota") in Mendota, California. (Doc. No. 1 at 2.)

On April 24, 2020, petitioner filed the pending petition pursuant to 28 U.S.C. § 2241 (Doc. No. 1.)  On April 29, 2020, respondents filed their response to the pending petition, and on May 19, 2020, petitioner filed his reply thereto.  (Doc. Nos. 5, 6.)

**LEGAL STANDARD**

"[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (noting that "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . .." *See also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.").  Under Rule 1(b) of the Rules, district courts are permitted to apply these Rules, including Rule 4, to any federal habeas petition, including a petition brought under § 2241.  Accordingly, where it is clear on the face of a § 2241 petition that the petitioner is not entitled to the relief sought therein, the petition should be dismissed.

**DISCUSSION**

Here, petitioner filed his petition in this court, which is the district court that has jurisdiction over his custodian at FCI Mendota.  However, it is clear from the face of the petition that petitioner is not entitled to the relief he seeks.

In his petition, petitioner relies on recent district court orders granting habeas relief to civil immigration detainees and ordering release of those petitioners from detention due to the risks posed by the ongoing outbreak of the COVID-19 virus.  (Doc. No. 1 at 2) (citing *Robles Rodriguez v. Wolf*, No. 5:20-cv-00627-TJH-CJS, (Doc. Nos. 32, 35–39) (C.D. Cal. Apr. 2, 2020) and *Castillo v. Barr*, No. 20-cv-00605-TJH-AFMx, 2020 WL 1502864, at *3 (C.D. Cal. Mar. 27, 2020) ("A civil detainee's constitutional rights are violated if a condition of his confinement

places him at substantial risk of suffering serious harm, such as the harm caused by a pandemic.")). Based on these orders issued by district courts, petitioner argues that "[t]his Court has the authority to order Defendants to comply with the Fifth Amendment and release Plaintiff from civil detention and to reduce the sentences of those who have been convicted of federal criminal offenses[,] [p]ursuant to 18 U.S.C. Section 3582(c)(1)(A) . . .." (Doc. No. 1 at 5); *see also Ruiz-Sanchez v. Culley*, No. 2:20-cv-00753-APG-NJK, 2020 WL 2572531, at *3 (D. Nev. May 21, 2020) ("[T]he government's duty to oversee the welfare of federal civil detainees arises under the due process clause of the Fifth Amendment."). Petitioner's argument is flawed for two reasons.

First, petitioner's reliance on the cited cases is unavailing because he is not a civil detainee based upon his immigration status or otherwise. Rather, petitioner is serving a sentence imposed by a federal court following his criminal conviction, In this regard, and as noted above, petitioner pled guilty in the U.S. District Court for the Central District of California, was thereafter sentenced to a term of confinement as a result of his criminal conviction, and is currently serving that sentence of imprisonment at FCI Mendota. *See Castillo*, 2020 WL 1502864, at *3 ("When the Government detains a person for the violation of an *immigration* law, the person is a civil detainee. . .."). The fact that petitioner "has an immigration detainer placed by ICE with an anticipated release date of September 2020" (Doc. No. 1 at 7) does not mean that he is a civil immigration detainee. *See Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) ("[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available."), *superseded by statute on other grounds as stated in Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995); *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) ("Most of the circuit courts that have considered the question have held that a detainer does not place a prisoner in 'custody' for purposes of habeas proceedings.").[1]

---

[1] Even if the court were to consider the merits of the pending petition, petitioner has not alleged sufficient facts in support of his claim for habeas relief. Petitioner argues that "[t]he failure to release [him] on home detention immediately due to his medical condition violates [his] constitutional due process rights." (Doc. No. 1 at 17.) He alleges that he tested positive for tuberculosis in January of 2019; that he "suffered nausea, diarrhea, and what appeared to be a cold at the time the coronavirus was becoming more prevalent"; and that he suffers from

Second, to the extent petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the risks posed to him by the COVID-19 pandemic, his request is before the wrong court, as "[o]nly the original sentencing court can entertain such requests." *Bolden v. Ponce*, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (citing *United States v. Rala*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted. . ..")). "Petitioner may not short-circuit this requirement to file in the sentencing district by petitioning for such relief pursuant to Section 2241 in the custodial district." *Id.* at *3; *see also Ray v. Finley*, No. 3:19-cv-00988, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019) ("District courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241.").

Accordingly, because it plainly appears from the face of the pending petition that petitioner is not entitled to the habeas relief he is seeking, the court will dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if

---

hypertension. (*Id.* at 12–13.) Petitioner, however, does not allege any facts about BOP's response to the global pandemic at FCI Mendota, much less how that response has affected his health or how it deprives him of his due process rights. Instead, petitioner merely advances general arguments about conditions of confinement at detention centers and prisons and the spread and deadliness of COVID-19. Accordingly, even if plaintiff could assert a cognizable Fifth Amendment due process claim as a civil immigration detainee, the court would find that he "has not alleged a current Fifth Amendment violation." *Ruiz-Sanchez*, 2020 WL 2572531, at *4 (D. Nev. May 21, 2020) (citing *Dawson v. Asher*, No. 2:20-cv-00409-JLR-MAT, 2020 WL 1304557, at *2 (W.D. Wash. Mar. 19, 2020) ("Plaintiffs do not cite to authority, and the court is aware of none, under which the fact of detention itself becomes an 'excessive' condition solely due to the risk of a communicable disease outbreak—even one as serious as COVID-19.")).

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that petitioner should be allowed to proceed further.

## CONCLUSION

For the reasons discussed above:

1. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is dismissed;
2. The Clerk of the Court is directed to close the case; and
3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 26, 2020**

UNITED STATES DISTRICT JUDGE

5